NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**FREDERICK GOODMAN,**
*Petitioner,*

**v.**

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent.*

---

2010-3121

---

Petition for review of the Merit Systems Protection Board in case no. CH844E080713-I-2.

---

Decided: October 12, 2010

---

FREDERICK GOODMAN, of St. Louis, Missouri, pro se.

STEPHANIE M. CONLEY, Attorney, Office of the General Counsel, Merit Systems Protection Board, of Washington, DC, for respondent. With her on the brief were JAMES M. EISENMANN, General Counsel, and KEISHA DAWN BELL, Deputy General Counsel.

---

Before LINN, CLEVENGER, and PROST, *Circuit Judges.*

PER CURIAM.

Petitioner Frederick Goodman petitions for review of the final decision of the Merit Systems Protection Board ("Board"), which dismissed his refiled appeal as untimely without good cause for the delay. Because the Board did not abuse its discretion or otherwise commit legal error, we *affirm*.

## BACKGROUND

The relevant facts are not in dispute. On August 13, 2008, Mr. Goodman appealed the Office of Personnel Management ("OPM") reconsideration decision denying his application for disability retirement under the Federal Employees' Retirement System ("FERS"). On November 5, 2008, Mr. Goodman, through his counsel, filed a motion to dismiss his appeal without prejudice to his right to refile an appeal within ninety days of the dismissal to "explor[e] the possibility of applying for regular retirement." Resp't App. 15. On November 6, 2008, by way of an initial decision, an administrative judge dismissed Mr. Goodman's appeal without prejudice to his right to refile the appeal no later than ninety calendar days from the date the initial decision becomes a final decision of the Board. *Goodman v. Office of Pers. Mgmt.*, No. CH844E080713-I-1, at 2 (M.S.P.B. Nov. 6, 2008). This administrative judge underlined the portion that stated if Mr. Goodman fails to timely refile his appeal, he waives his right to appeal OPM's reconsideration decision unless he demonstrates good cause for any filing delay. *Id.* at 2-3. Discussing Mr. Goodman's appeal rights and responsibilities, the decision said that the initial decision would become the final decision of the

Board on December 11, 2008 unless Mr. Goodman petitioned for review of the decision by that date or the Board reopened the case on its own motion. *Id.* at 3. Mr. Goodman and his counsel were then served with a copy of that initial decision.

Thereafter, on June 24, 2009, Mr. Goodman filed a petition for review with the Clerk of the Board. The Clerk informed Mr. Goodman that his petition for review was untimely and requested the reason for delay. Mr. Goodman asked the Board to waive the deadline because "the documents do not show when the final appeal occurs" and he did not know when to appeal the final decision. Resp't App. 23. On October 1, 2009, the Board issued an opinion, finding that the initial decision clearly notified Mr. Goodman of the time for filing a petition for review and dismissed the petition as untimely filed without a showing of good cause for the six month delay. *Goodman v. Office of Pers. Mgmt.*, 112 M.S.P.R. 414, 416-17 (2008). The Board also explained that Mr. Goodman appeared to be attempting to refile his appeal and thus forwarded the petition to the regional office for re-docketing with instructions to provide Mr. Goodman with an opportunity to show good cause for his delay. *Id.* at 417.

On October 22, 2009, a second administrative judge issued an Order to Show Cause, directing Mr. Goodman to provide evidence demonstrating a good reason for the delay and explaining what information Mr. Goodman needed to submit if the delay resulted from illness or disability. *Goodman v. Office of Pers. Mgmt.*, No. CH844E080713-I-2 (M.S.P.B. Oct. 22, 2000) ("*Order to Show Cause*"). In response, Mr. Goodman said he spoke to his counsel a couple of months after the Board decision. Resp't App. 39. According to Mr. Goodman, his counsel said he could appeal again without explaining how or

when, and also told him that he would no longer represent him. *Id.* Mr. Goodman then called the agency representative from his first appeal for the paperwork on the Board decision and she sent him a copy of the first administrative judge's decision on May 11, 2009. *Id.* Finally, Mr. Goodman indicated that he was waiting for a new initial decision providing him sixty days to appeal. Resp't App. 40.

On November 16, 2009, in an initial decision, the second administrative judge dismissed Mr. Goodman's refiled appeal as untimely without good cause shown. *Goodman v. Office of Pers. Mgmt.*, No. CH844E080713-I-2, at 3 (M.S.P.B. Nov. 16, 2009). He explained that Mr. Goodman and his counsel were served with a copy of the first administrative judge's November 6, 2008 decision, and Mr. Goodman admitted receiving another copy of that decision in May 2009. *Id.* at 2. Mr. Goodman, however, did not refile his appeal until June 24, 2009 and thus the second administrative judge determined that Mr. Goodman's refiled appeal was untimely. *Id.* at 2-3. After considering Mr. Goodman's proffered excuses, the second administrative judge determined that Mr. Goodman did not show good cause for the delay and dismissed his refiled appeal. *Id.* at 3.

Mr. Goodman petitioned for review by the full Board, but did not address the issue of timeliness. Resp't App. 41-45. After the full Board denied Mr. Goodman's petition for review on April 28, 2010, the initial decision by the second administrative judge became the final decision of the Board. *Goodman v. Office of Pers. Mgmt.*, No. CH844E080713-I-2 (M.S.P.B. Apr. 28, 2010). Mr. Goodman timely appealed. We have jurisdiction under 28 U.S.C. § 1295(a)(9).

DISCUSSION

On appeal, Mr. Goodman appears to concede that he did not timely refile his appeal. Thus, the issue before us is limited to whether the Board erred in finding that Mr. Goodman lacked good cause for the delay in filing. Mr. Goodman argues that the overwhelming evidence in the record shows that he has been disabled, in that he cannot sit, walk, or stand, since he left his government position on January 1, 2008. He asserts this evidence sufficiently waives his untimeliness in refiling his appeal.

We may set aside a decision of the Board only when it is: "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c)(1)-(3). If a party does not submit an appeal within the time set by statute, regulation, or order of a judge, it must be dismissed as untimely unless the party can show the judge good reason for the delay. *See* 5 C.F.R. § 1201.22(c). "Whether the regulatory time limit for an appeal should be waived based upon a showing of good cause is a matter committed to the Board's discretion and this court will not substitute its own judgment for that of the Board." *Mendoza v. Merit Sys. Prot. Bd.*, 966 F.2d 650, 653 (Fed. Cir. 1992) (en banc).

To establish good cause for delay, the Board has held the petitioner must show it exercised diligence or ordinary prudence. *Phillips v. U.S. Postal Serv.*, 695 F.2d 1389, 1391 (Fed. Cir. 1982). Factors the Board considers when determining whether good cause is shown include:

> the length of the delay; whether appellant was no-
> tified of the time limit or was otherwise aware of
> it; the existence of circumstances beyond the con-
> trol of the appellant which affected his ability to
> comply with the time limits; the degree to which
> negligence by the appellant has been shown to be
> present or absent; circumstances which show that
> any neglect involved is excusable neglect; a show-
> ing of unavoidable casualty or misfortune; and the
> extent and nature of the prejudice to the agency
> which would result from waiver of the time limit.

*Walls v. Merit Sys. Prot. Bd.*, 29 F.3d 1578, 1582 (Fed. Cir. 1994) (quoting *Alonzo v. Dep't of the Air Force*, 4 M.S.P.R. 180, 184 (1980)). Where a refiled appeal is untimely, the Board also may consider the brevity of the delay, petitioner's confusion or mistake, the arbitrariness of the refiling deadline, and the lack of prejudice to the agency. *See Jackson v. Office of Pers. Mgmt.*, 89 M.S.P.R. 302, 304 (2001).

Substantial evidence in the record supports the Board's finding that Mr. Goodman failed to show good cause for the untimeliness in refiling his appeal. The Board did not abuse its discretion in finding lack of good cause to the extent that Mr. Goodman blames his counsel for his late filing. Mr. Goodman does not dispute that he originally received a copy of the first administrative judge's November 6, 2008 decision, which explained the deadlines for petitioning for review of that decision and refiling his appeal. When Mr. Goodman spoke to his counsel a couple of months after that date, he learned his counsel would no longer be working on his case and he therefore was responsible for refiling the appeal. Even after Mr. Goodman received another copy of the first administrative judge's decision on May 11, 2009, he

waited until June 24, 2009 to refile his appeal. The record therefore supports the Board's determination that Mr. Goodman did not act with due diligence or ordinary prudence under these circumstances.

Further, the Board did not abuse its decision in finding Mr. Goodman's confusion failed to satisfy good cause. The Board's decision granting Mr. Goodman's motion to dismiss without prejudice emphasized that Mr. Goodman's failure to timely refile his appeal within ninety days from date of the Board's final decision, on December 11, 2008, would result in the waiver of his right to appeal OPM's reconsideration decision. *Goodman v. Office of Pers. Mgmt.*, No. CH844E080713-I-1, at 2-3 (M.S.P.B. Nov. 6, 2008). Therefore, absent good cause, Mr. Goodman had until March 11, 2009 to refile his appeal. Mr. Goodman did not refile his appeal until June 24, 2009, more than three months past the ninety day deadline he selected. Mr. Goodman fails to explain why he believed that there would be a new initial decision issued providing him sixty days to appeal. Resp't App. 40. The only sixty day reference in the first administrative judge's decision was the time Mr. Goodman had to petition the Board's final decision to this court. However, Mr. Goodman's right to petition for review is different from his right to refile his appeal.

Finally, the Order to Show Cause informed Mr. Goodman that if his untimely filing resulted from illness, he needed to: "(1) identify the time period during which the illness was suffered; (2) submit medical evidence showing he suffered from the illness during that time period; and (3) explain how the illness prevented him from timely filing the appeal or requesting an extension of time." *Order to Show Cause* at 1-2. Mr. Goodman's response, however, did not address his disability or ex-

plain how it prevented him from timely refiling his appeal. Resp't App. 37-38. Mr. Goodman's petition for review of this second initial decision to the full Board failed to address the timeliness issue altogether. Accordingly, the Board did not abuse its discretion in finding that Mr. Goodman failed to show good cause based on illness for his untimeliness.

Because the Board's decision to dismiss Mr. Goodman's refiled appeal as untimely without good cause shown was not arbitrary, capricious, or an abuse of discretion, but rather is supported by substantial evidence, we affirm.[1]

COSTS

Each party shall bear its own costs.

**AFFIRMED**

---

[1] Because we affirm the Board's dismissal of his refiled appeal as untimely without good cause, we do not reach Mr. Goodman's arguments directed toward the merits of his application for disability retirement.